# CIRCUIT COURT OF MADISON COUNTY

Commonwealth of Virginia

v.

Bernard P. Leighan

## February 4, 2004

BY JUDGE DANIEL R. BOUTON

The court has had an opportunity to inspect *in camera* the materials that have been compiled by the Madison County Department of Social Services in connection with the above referenced Motion to Quash Subpoena Duces Tecum.

The dispute centers around the statements that were made by the alleged victim. At oral argument, counsel for the defendant conceded that the evidence would establish sexual relations between him and the victim. However, at trial, the primary issue will be whether any such relations were consensual or nonconsensual. This point is critical to the court's analysis.

To begin with, the court agrees with the Commonwealth's assertion that in all of the statements, the alleged victim denies that she consented to any of the sexual acts. Nevertheless, under the circumstances of this particular case, the statements can be viewed as exculpatory for a number of reasons. First, those portions that make reference to the number of alleged incidents and to the length of the period of time over which they are claimed to have occurred might possibly include probative evidence on the question of whether the victim consented to the acts on the date charged in the indictment. Moreover, some of the statements could be construed to contain exculpatory evidence on the factors that may be considered by the court on the issue of the credibility of witnesses, including bias and the relations that existed among the various parties and family members. Therefore, the court rules that the statements will be disclosed.

In light of the court's decision, three other points must be addressed. First, as the Commonwealth's Attorney appropriately notes, some of the evidence provided by the victim's mother is exculpatory and thus subject to

54

disclosure. The court also observes that this information may be exculpatory in connection with the credibility issues discussed in the preceding paragraph.

Second, the items submitted to the court consist of seventy-five pages of comprehensive notes, statements, and agency actions. Much of the material is not exculpatory, and a great deal of it would in all likelihood not be relevant or admissible at trial. Based on the ruling regarding the statements of the victim and on the Commonwealth's agreement to disclose the evidence from the mother, the court finds that the Commonwealth's duty under the existing discovery order would be satisfied by the disclosure of the following pages: 4, 6, 18, 26, 30, 34, 41, 46, 47, 52, 57, 61, 65, and 67. The material should be provided to the defendant under the terms of the discovery order that has already been entered.

All of the items inspected by the court *in camera* shall remain as part of the record in the case. They shall remain under seal and will not be available for inspection without court approval. Therefore, should any appeal occur, both the records and the court's ruling will be properly preserved.

The third and final point that should be stressed is that the court's ruling on disclosure is separate and apart from any ruling that might be made at trial regarding the admissibility of evidence. Whether any exculpatory evidence that is disclosed through discovery has any probative value must be determined by the court at the time it is offered as evidence at trial.

The court will deliver a copy of this letter opinion to the clerk, along with the items that were inspected *in camera*. They will be sealed by the clerk, who shall also prepare a concise order that sets forth the ruling of the court.